ILLINOIS EMERGENCY RELIEF COMMISSION, No. 32.

JOHN DECOSTA, Claimant *vs.* ILLINOIS EMERGENCY RELIEF COMMISSION, Respondent.

*Opinion filed June 20, 1938.*

ADVISORY OPINION BY MR. JUSTICE YANTIS.

*To the Illinois Emergency Relief Commission:*

Pursuant to your request for an Advisory Opinion, based upon the attached statement of facts submitted by you in the matter of the claim of *John De Costa* vs. *Illinois Emergency Relief Commission,* the following Opinion is rendered, based upon the aforementioned statement:

John DeCosta, 522 S. Aberdeen Street, Chicago, Illinois, was assigned to work for the Illinois Emergency Relief Com-

mission on or about the 15th day of February, 1934, and on or about the 18th day of June, 1934 was assigned to Project 1-D-1-348. His employment called for thirty (30) hours per week at Seventy (70) Cents per hour. Claimant was directed on July 17, 1934 to repair a sewing machine, same being one of a series which were mounted on a table forty-eight feet long. Under the table was a metal shaft which revolved about six hundred revolutions per minute, and on the shaft were twenty rollers and pulleys, over which leather belts operated to connect with the sewing machines on the table above. In making the repairs claimant removed the belt from the roller, it became tangled in the main shaft and claimant's sleeve was caught and he was wound into the shaft; all of his clothing was torn from him; the entire skin was torn from his penis; the scrotum was torn open and his testicles were completely out of the scrotum. He was immediately taken to Mercy Hospital where he remained until the 14th day of September, 1934. He there had the services of several physicians and surgeons. Dr. Charles H. Connor states that on the 17th day of July, 1934 he saw John De Costa at Mercy Hospital; that claimant was suffering from shock due to trauma; that he found upon examination that the skin had been torn from claimant's penis and that same was bleeding severely; the skin on the pubis to the extent of one-half inch was torn; there was also severe trauma to the scrotum, testis and vas deferens. Two operations were performed for skin graft and frequent daily dressings were made on the patient until the 14th day of September, when he was discharged from the hospital, but he continued under Dr. Connor's care for a month thereafter. Dr. Michael I. Reiffel states, according to the record, that he examined claimant on the 19th day of July, 1935; that the scar resulting from the skin graft extended on the entire surface of the penis; that no erection could be had; that on examination of the scrotum he found the spermatic cord which contains the vas deferens, the artery, nerves and vas were all affected.

Dr. L. W. Riba, of the surgical staff of Passavant Hospital, testified that he examined claimant on the 21st day of April, 1936; that the shaft of the penis is shortened due to scar tissue on the ventral side; that the scrotal contents revealed that both testicles were of decreased size and the epi-

didymis in the right scrotal sac was thickened and tender to palpation; further, that the prostrate contained a high secretion of pus cells and that the urethra had many ridges, due to scar tissue. Dr. Riba's conclusion was that claimant has a loss of use of the testicles due to, first, multiple stricture of the urethra—second, infection of the prostate gland—third, scarring of the shaft of the penis and scrotum, and that claimant is impotent at the present time. Dr. Connor and Dr. Reiffel are of the opinion that his condition is permanent. At the time of the accident claimant was living with his wife and five children, three of whom were under the age of sixteen years. He filed a petition in the Court of Claims under the title of *John De Costa* vs. *State,* No. 2652, said claim being made under the provisions of *Section 8, Paragraph (e), Subparagraph 16¾, Workmen's Compensation Act of Illinois* which provides:

"For the loss of a testicle, fifty percentum of the average weekly wage during fifty weeks, and for the loss of both testicles, fifty percentum of the average weekly wage during one hundred fifty weeks."

The statement submitted here indicates that claimant and his attorney have now agreed with the Illinois Emergency Relief Commission to accept Nine Hundred ($900.00) Dollars in full settlement of his injuries, plus the payment of One Hundred Fifty ($150.00) Dollars to Dr. Charles H. Connor for the latter's bill for services rendered.

The court finds that from the facts submitted claimant would be entitled to compensation in an amount not less than the sum indicated in the offer for settlement, and we are of the opinion that settlement with claimant under the facts stated is fully warranted under the provisions of said Section 8, Paragraph (e), Sub-Paragraph 16¾ of the Act.

In making payment the following conditions should be observed: First, payment of compensation shall be made by the Illinois Emergency Relief Commission out of any funds held by it and allocated for the payment of such claim. Second, that the claim of *John De Costa* vs. *State of Illinois, Court of Claims,* No. 2652, now pending, shall be dismissed.